IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MICHAEL A. HERNANDEZ,** | ) | **CASE NO. 8:11CV134** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **UNITED STATES,** | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on February 24, 2011, in the U.S. District Court for the District of Columbia, which transferred the matter to this court on April 13, 2011. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 16.) On June 22, 2011, Plaintiff paid the initial partial filing fee. (*See* Docket Sheet.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.   **SUMMARY OF COMPLAINT**

Plaintiff's Complaint relates entirely to the validity of his conviction for distribution of a controlled substance, which occurred in the Box Butte County, Nebraska District Court in 2006. (Filing No. 1 at CM/ECF p. 8.) Plaintiff is currently serving a prison term of 20-30 years for that conviction. (*Id.*) Condensed and summarized, Plaintiff alleges that he was denied equal protection and due process in his trial, which resulted in an "illegal conviction and sentence." (*Id.* at CM/ECF p. 9.) Plaintiff further alleges numerous other problems with his conviction, including that: (1) the prosecution was racially motivated; (2) he received the ineffective assistance of counsel at both the trial and appellate stages of his criminal proceedings in state court; (3) the trial judge suffered from a conflict of interest and engaged in other "judicial misconduct;" (4) trial witnesses engaged in perjury and other

misconduct; (5) the jury was improperly instructed; and (6) his conviction was based on an illegal and search and seizure. (*Id.* at CM/ECF pp. 11-48.)

Plaintiff alleges that his wrongful conviction violates his rights under the "Ft. Laramie Treaty of 1868," the United States Constitution, and various federal statutes because he is a "Rosebud Sioux Indian." (*Id.* at CM/ECF pp. 1-3.) Plaintiff seeks monetary relief in the amount of "77 million dollars," his "immediate release from prison," and various other relief. (*Id.* at CM/ECF pp. 48-49.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007)*; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's

complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

### III. DISCUSSION OF CLAIMS

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. See *Heck*, 512 U.S. at 486-87. As set forth in *Heck*:

> We hold that, in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87. Such a requirement "avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Id.* at 484 (citations and quotations omitted).

Here, Plaintiff alleges that he was denied equal protection and due process in his trial, which resulted in an "illegal conviction and sentence." (Filing No. 1 at CM/ECF p. 9.) Plaintiff then sets forth at least six separate constitutional errors which he claims violated his rights under the United States Constitution, several federal statutes, and the "Ft. Laramie Treaty of 1868." (*Id.* at CM/ECF pp. 1-3.) Importantly, in addition to monetary relief in the amount of "77 million dollars," Plaintiff seeks his "immediate release from prison." These claims clearly and necessarily implicate the invalidity of Plaintiff's conviction and sentence. Indeed, the court cannot grant Plaintiff the relief he seeks (immediate release from prison) without invalidating the conviction. *Heck* makes clear that the court cannot address such claims in a civil rights action[1] until Plaintiff first obtains a favorable

---

[1] In a separate filing, Plaintiff artfully clarifies that his Complaint "is filed under 42 U.S.C.A. §§ 1981, 1986, and under the authority of the Ft. Laramie Treaty of 1868," and that "for the record, this action is not a 42 U.S.C.A. § 1983 cause." (Filing No. 15 at CM/ECF p. 1.) This clarification is, no doubt, due to the court's dismissal of Plaintiff's nearly-identical previous case because it was barred by *Heck*. (*See* Case No. 4:05CV3294, Filing No. 41.) Regardless, Plaintiff's attempts to simply put a different label on the same claim in order to plead around *Heck* are futile and the court rejects them. *See, e.g., Amaker v. Weiner*, 179 F.3d 48, 51-52 (2d Cir. 1999) (finding that *Heck*'s bar on "civil damages claim[s] that necessarily challenge[] the validity of an outstanding criminal conviction" is not limited to claims brought under 42 U.S.C. § 1983 and also applies to claims brought under 42 U.S.C. §§ 1981, 1985, and 1986); *Dolney v. Lahammer*, 70 F. Supp. 2d 1038, 1043 (D.S.D. 1999) ("This Court does not believe that the rule announced

outcome in a habeas corpus or similar proceeding. Plaintiff has not submitted anything showing that he has done so. As such, the Complaint is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice;

2. A separate Judgment will be entered in accordance with this Memorandum and Order;

3. The Clerk of the court is directed to send to Plaintiff the Form AO240, Application to Proceed Without Prepayment of Fees and Affidavit and the Form AO241, Petition for Relief From a Conviction or Sentence; and

4. All pending Motions are denied.

DATED this 29th day of June, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

in Heck was intended to be cabined only to § 1983. A close reading of *Heck* reveals that it does not rest on statutory language, legislative history, comity or considerations that are unique to § 1983 actions. Instead, it rests on the need for finality in criminal cases and on the analogy between actions under § 1983 and the common law of malicious prosecution, which barred suit unless the criminal prosecution ended in plaintiff's favor.").

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.